JAMES A. LIND *vs.* ANNIE F. LIND.

Middlesex.    March 1, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contempt.    Practice, Civil.*

A motion to dismiss a petition for nullity of marriage, on the ground that the petitioner is in contempt for not complying with an order of court to pay a certain sum of money into court, is a proper way of bringing the fact of the contempt to the attention of the court, and need not be filed within the time limited for pleas in abatement.

PETITION, filed in the Superior Court March 16, 1901, for nullity of marriage.

The case came to this court on an appeal from an order dismissing the petition on two motions of the respondent. In the

---

first motion it was alleged that the petitioner had been ordered, at the April sitting of the court in the year 1901, to pay into court for the benefit of the respondent an allowance exceeding taxable costs, and, though often requested so to do, had refused and neglected to comply with the order of the court, and by reason thereof was in contempt of court. This was filed February 17, 1903. The second motion was filed February 18, 1903, and stated that the respondent had procured a divorce from the petitioner on a libel filed before the petition for nullity was brought, and had obtained a decree *nisi*, in which proceeding the petitioner had taken exceptions; that those exceptions had been overruled on the sixteenth day of January then next preceding; that the libellee in the libel for a divorce (the petitioner in the petition for nullity) had in the suit for divorce " filed his motion to annul said decree *nisi* and for a rehearing, which motion was duly heard and dismissed; that said motion for a rehearing contained substantially all the allegations set forth in said James A.'s petition for nullity "; " that the decree of this Honorable Court passed by Mr. Justice Maynard upon said Annie's three motions filed case No. 2314, aforesaid, has never been complied with, and said James A. [the petitioner] is in default and is in contempt of this Honorable Court therein as well as in this case No. 3238." The prayer of the motion was that the petitioner be "adjudged to be in contempt " and " that his said petition be dismissed."

No extended order on these two motions appeared on the record before the court, but the following entries appeared on the " Docket Record ": " May 7, Respondent's motion for allowance. May 13, $30 ordered as allowance forthwith. 1903. February 17, Respondent's motion for contempt for non-payment of alimony under order of May 13. February 18, Respondent's motion to dismiss petition, and motion for contempt. February 19, Petition dismissed. February 28, Petitioner appeals. Law."

*J. G. Robinson*, for the petitioner, contended: 1. A motion to dismiss is only proper when the reasons for dismissal are apparent upon the record. 2. The respondent in this case had, by allowing two years to elapse after the filing of the petition, lost the right to file a motion to dismiss or a plea in abatement. 3. The facts set forth in the two motions to dismiss, if the re-

spondent desired to take advantage of them, should have been set up in a plea in abatement or an answer to the merits, thus giving the petitioner the right to demur or traverse the allegations.  4.  The petitioner was entitled to a trial in which he should have an opportunity to prove or disprove the facts alleged in any answer either in abatement or to the merits of the case.

*G. M. Poland,* for the respondent, was not called upon.

LORING, J.   A motion to dismiss a petition for nullity of marriage on the ground that the petitioner is in contempt for not complying with an order of the court directing him to pay $30 into court for the expenses of the respondent, does not stand on the same footing as a motion to dismiss a common law writ for irregularities not going to the jurisdiction of the court, as the petitioner contends.   Such a motion is the proper way of bringing the fact of the contempt to the attention of the court, and need not be filed within the time allowed for pleas in abatement.

The petitioner was entitled to be heard on this motion, and on the record before us we assume that he was heard.

*Judgment affirmed.*